(Superior Court of Cincinnati—General Term.)

### THE CITY OF CINCINNATI et al. v. A. M. JAMES et al.

The court in fixing the assessable frontage of any abutting lot or lots for a street improvement, will consider any lease or conveyance containing a description of the lot or inlots in question, which parties have recognized and acted upon prior to the time of proceedings declaring it necessary to improve.

(October 22, 1895.)

HUNT, J.

The defendants in error in the court below alleged that they were the owners each of certain lots of land abutting upon Baymiller street, between Sixth street and Liberty street, in the city of Cincinnati. James claimed to be the owner of a lot of land on the southeast corner of Baymiller street and Ninth street, which lot fronts on Ninth street thirty (30) feet and abuts lengthwise on Baymiller street one hundred and one (101) feet, and Edwin F. Hollenbeck, co-defendant in error, claimed to be the owner of a lot of land on the northeast corner of Baymiller street and Eighth street which fronts thirty (30) feet on Eighth street and abuts lengthwise on Baymiller street one hundred and one (101) feet.

It appears that the city of Cincinnati, on March 8, 1886, through is Board of Public Affairs, duly and regularly passed a resolution declaring it necessary to improve Baymiller street to Liberty street by grading, curbing and paving the road with granite blocks, and providing that one-half the cost and expenses of the improvement should be assessed by the foot front upon the abutting property.

On the twenty-ninth day of March, 1887, the Board of Public Affairs passed an ordinance to improve the street between the points named in accordance with the resolution, and on the fourth day of June, 1887, duly passed a resolution to contract for the making of the improvement. The improvement was duly made and completed, and on December 20, 1887, the Board of Public Affairs passed an assessing ordinance levying an assessment of $5.706984 per front foot upon the abutting property.

It is claimed that the frontage of the lot of A. M. James, one of the defendants in error, is 30 feet front instead of 101 feet as charged, and that the frontage of the lot of Edwin F. Hollenbeck is 30 feet instead of 101 feet as charged, and that James has already paid on account of said assessment the sum of $475.54, or $304.45 more than is legally chargeable against him, and that Hollenbeck has paid $475.54, or $304.45 more than is legally chargeable against him.

The court in Special Term ordered that the plaintiffs in error be perpetually enjoined from collecting or attempting to collect, or from certifying to the county auditor, or from placing on the tax duplicate any of the remaining installments of the Baymiller street assessment against the lots of the said A. M. James, at the southeast corner of Ninth and Baymiller streets, and Edwin F. Hollenbeck, at the northeast corner of Eighth and Baymiller steets.

This proceeding is now prosecuted to reverse the judgment of the court in Special Term.

The simple question involved is as to the assessable frontage for the street improvement.

The city of Cincinnati bases its claim principally on a certain conveyance made by the executors of Nicholas Longworth to Joseph A. James on June 15, 1972, which describes the real estate in controversy as situated on the northeast corner of Eighth and Baymiller streets, 111.6, feet more or less, on Eighth street, and 122 feet on Baymiller street, except the eastern-

most 18 inches, which runs to the depth of 101 feet only, and a further conveyance made by the executors of Nicholas Longworth, deceased to Joseph N. James, dated June 27, 1879, which describes the real estate in controversy as located on the southeast corner of Ninth and Baymiller streets, 73 feet front on Ninth street, and running back the same width, bounding on Baymiller street to the depth of 80 feet.

On the other hand, the defendants in error rely upon certain conveyances (leases) in regard to the property in controversy, which describe the lots as having a frontage of but 30 feet. We think that this contention is correct. The lots in question were so regarded prior, and at the time of all proceedings declaring it necessary to improve, as well as at the time the ordinance to contract was passed and the date of the assessing ordinance.

Besides the average depth of lots in the immediate vicinity would lead the court, in the absence of other evidence, to fix the assessable frontage at 30 feet instead of 101 feet.

We find no error on the record prejudicial to the plaintiffs in error, and approve the judgment of the court in Special Term.

SMITH and WILSON, JJ., concur.

MOORE, J., did not sit.

Corporation Counsel, for plaintiffs in error.

John Galvin, for defendants in error.